FILED'08 NOV 21 11:52USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GRABHORN, INC.,
        Plaintiff,

v.

JOHN DOES 1-10 and XYZ
CORPORATIONS 1-10,
        Defendants.

CV 08-1086-PK

OPINION AND ORDER

PAPAK, Magistrate Judge:

      Plaintiff Grabhorn, Inc., filed this action against fictitiously named individual defendants John Does 1-10 and fictitiously named corporate defendants XYZ Corporations 1-10 on September 17, 2008. Grabhorn's complaint alleges federal and state law claims for cost recovery and for contribution, as well as state law claims for indemnity, trespass, fraud, defamation, libel, and intentional interference with business relations. Grabhorn seeks declaratory, injunctive, and monetary relief. This court has subject-matter jurisdiction over this action pursuant to 28 U.S.C.

Page 1 - OPINION AND ORDER

§§ 1331 and 1367.

Now before the court is Grabhorn's motion (#4) to compel Art Kamp, a non-party to this action, to comply with a subpoena *duces tecum* issued by Grabhorn's counsel on September 23, 2008. For the reasons set forth below, Grabhorn's motion is construed as including a request for an order *nunc pro tunc* authorizing Grabhorn to seek discovery in advance of the conference required in Federal Civil Procedure Rule 26(f), such construed request is granted, and the motion to compel is likewise granted. Each party shall bear its own costs.

Grabhorn owns and operates a landfill and composting facility, Lakeside Reclamation Landfill ("Lakeside"), located in Beaverton, Oregon. Lakeside's solid waste disposal permit from the Oregon Department of Environmental Quality permits it to accept construction and demolition waste, land clearing debris, and certain other waste products, excluding paints, solvents, and automobile tires.

On September 3, 2007, Art Kamp allegedly advised ODEQ that paints and solvents were being disposed of at Lakeside. Kamp allegedly provided ODEQ with photographs depicting the unauthorized disposal of paints and solvents at Lakeside, and allegedly advised ODEQ that he had in his possession a video recording of a waste hauler disposing of paints and solvents at Lakeside. To the extent Kamp's allegations are accurate, Grabhorn is jointly and severally liable, along with the persons who dumped improper wastes at Lakeside, for removal of the improperly disposed wastes and for the costs of any remedial action required under federal or state law. Kamp has not made the photographs and video available to Grabhorn, nor has Kamp disclosed to Grabhorn any information as to the identity of the persons responsible for the improper disposal.

On September 17, 2008, Grabhorn filed this action against the persons responsible for

dumping improper wastes at Lakeside, naming fictional defendants in the absence of information regarding their identities. Grabhorn seeks contribution and cost recovery under federal and state law for the removal and remedial action costs that have been or will be incurred as a result of the improper disposal of waste. In addition, Grabhorn seeks indemnification under Oregon common law, as well as damages for alleged tortious trespass. On a theory that the person or persons responsible for photographing and filming the improper disposal of waste at Lakeside were working in concert with the person or persons responsible for dumping the waste, Grabhorn further alleges claims of fraud, defamation, libel, and intentional interference with business relations. Finally, Grabhorn seeks injunctive relief to enjoin further improper dumping of unauthorized waste products.

On September 23, 2008, Grabhorn's counsel issued a subpoena *duces tecum* requiring Kamp to appear for deposition and to produce all correspondence with ODEQ or other parties regarding improper disposal at Lakeside, all photographs and videorecords of improper disposal at Lakeside, and all documents identifying the persons who took photographs and video at Lakeside, the persons who provided the photographs and video to Kamp, and the persons depicted in the photographs and video. The parties dispute whether Kamp has expressed himself willing to sit for deposition; it is not in dispute that Kamp has refused to produce documents pursuant to Grabhorn's subpoena, arguing that the subpoena was improperly issued and therefore void.

Kamp's legal argument has clear merit. Federal Civil Procedure Rule 26(d)(1) unambiguously provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized . . . by stipulation,

Page 3 - OPINION AND ORDER

or by court order." Fed. R. Civ. P. 26(d)(1). However, if the motion to compel were denied on the ground that the subpoena issued prematurely, in the absence of identified parties with whom to confer, Grabhorn would have no recourse but to petition the court for authority to conduct discovery without first attending a Rule 26(f) conference. If the petition were granted, Grabhorn would issue the same subpoena a second time, and the net result would be delay in the pursuit of this action and inefficiency in the administration of justice, without any corresponding benefit for any party.

Kamp further argues that any such petition for authority to conduct early discovery should not be granted, on the ground that Grabhorn's complaint fails to state any claim on which relief could be granted. Although I find cause for concern as to the adequacy of the factual underpinnings of some of Grabhorn's claims, I am not persuaded that none of Grabhorn's claims should be permitted to go forward. In particular, the cost recovery, contribution, indemnity, and trespass claims appear likely to prove meritorious in some degree at least, depending on the accuracy of the information Kamp provided to ODEQ. I therefore conclude that it would be in the interest of justice to grant Grabhorn's petition, if one were filed.

Rather than elevate formalism above substance to the point of requiring the parties to undergo additional delay and incur further costs in the prosecution of this action only to arrive back at this same procedural posture, I construe Grabhorn's motion to compel as containing a petition for authority to conduct discovery in advance of a Rule 26(f) conference. The construed petition is granted *nunc pro tunc*, effective September 23, 2008, so that the subpoena *duces tecum* of that date is deemed properly issued. In the absence of any further impediment to the effectiveness of Grabhorn's subpoena, and in light of the importance of ascertaining the identities

Page 4 - OPINION AND ORDER

of the defendants, Grabhorn's motion to compel is likewise granted.

## CONCLUSION

For the reasons set forth above, plaintiff Grabhorn's motion (#4) to compel is granted. Grabhorn is authorized to conduct such discovery as is reasonably necessary to ascertain the identities of the defendants in this action in advance of attending a conference pursuant to Federal Civil Procedure Rule 26(f). Kamp will produce the documents and things listed in Exhibit A of the subpoena *duces tecum* issued in this action September 23, 2008, within eleven days of the date hereof. Kamp will further appear for deposition as directed in the subpoena, at a date to be determined by Grabhorn, Kamp, and their respective counsel. The parties will bear their own costs.

Dated this 21st day of November, 2008.

/s/ Paul Papak
Honorable Paul Papak
United States Magistrate Judge

Page 5 - OPINION AND ORDER